RECOMMENDED FOR PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)

File Name: 26a0190p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

───────────────

UNITED STATES OF AMERICA,

        *Plaintiff-Appellee*,

    *v.*

JEREMY WAYNE HARRELL,

        *Defendant-Appellant*.

No. 25-5556

───────────────

Appeal from the United States District Court for the Eastern District of Kentucky at Frankfort.
No. 3:23-cr-00016-1—Gregory F. Van Tatenhove, District Judge.

Argued: April 29, 2026

Decided and Filed: July 2, 2026

Before: SUTTON, Chief Judge; DAVIS and RITZ, Circuit Judges.

───────────────

## COUNSEL

**ARGUED:** Abigail Frisch Vice, PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP, Washington, D.C., for Appellant. Haley Trogdlen McCauley, UNITED STATES ATTORNEY'S OFFICE, Lexington, Kentucky, for Appellee. **ON BRIEF:** Abigail Frisch Vice, PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP, Washington, D.C., for Appellant. James T. Chapman, Charles P. Wisdom, Jr., UNITED STATES ATTORNEY'S OFFICE, Lexington, Kentucky, for Appellee.

───────────────

## OPINION

───────────────

RITZ, Circuit Judge. A jury convicted Jeremy Wayne Harrell of stealing government funds. As part of Harrell's sentence, the district court required Harrell to forfeit certain proceeds

of the crime.  But the court did not impose forfeiture until several months after the sentencing hearing.  On appeal, Harrell argues that the district court erred in doing so.  Although we agree that the district court erred, vacatur is unwarranted.  We affirm.

I.

A.

Harrell served in the military from 1999 to 2008 and received an honorable discharge.  In April 2011, Harrell began receiving unemployability benefits from the Department of Veterans Affairs (VA).  These benefits compensate veterans who are unemployable due to service-related disabilities, but recipients must notify the VA immediately if they become employable.  In January 2019, Harrell founded a nonprofit organization for which Harrell routinely worked around 40 hours a week.  Because Harrell was able to be gainfully employed, he was ineligible for unemployability benefits.  But Harrell did not report this change in employability status to the VA.

A grand jury indicted Harrell on one count of theft of government funds under 18 U.S.C. § 641.  The indictment included a provision noting the possibility of criminal forfeiture.  A jury later convicted Harrell.

B.

This appeal involves a series of criminal-forfeiture sentencing proceedings.  Prior to Harrell's sentencing hearing, the government filed a motion for a preliminary order of forfeiture in the amount of $108,454.88.  Harrell, who was represented by counsel, did not respond to the government's motion, and his fourteen-day window to respond elapsed under the local rules.  The district court neither addressed the government's motion nor entered a preliminary order of forfeiture.    The government again requested forfeiture in its pre-hearing sentencing memorandum.

At Harrell's sentencing hearing on December 9, 2024, the government renewed its forfeiture request.  The district court orally sentenced Harrell to six months in prison, one year of supervised release with six months to be served in home detention, a $100 special assessment,

and restitution in an amount to be determined post-sentencing.  But the pronouncement did not mention forfeiture.  After the pronouncement, the district court solicited objections to the sentence, and the following colloquy occurred:

| | |
|---|---|
| [Government]: | Your Honor, I have just maybe two questions to ask the Court about the sentence.  I don't—I apologize if I missed it.  I don't believe I heard the Court announce the forfeiture money judgment. |
| The Court: | So has there been no preliminary order of forfeiture in this case?  That's probably not the case, right? |
| [Government]: | I'm not sure the Court has entered it.  There has been a motion filed. |
| The Court: | Okay.  Is there any objection on the forfeiture issue? |
| [Harrell]: | We would object to it, Judge.  I was going to wait and address it today, but certainly, you know, I believe we do object, Your Honor. |
| The Court: | Well, let's—that motion's, I guess, pending in front of me.  Given the late hour, I'm not sure we'll address it today, but let me . . . |
| [Government]: | I mean, more than 14 days have passed and they didn't oppose it, so that's past their time to oppose it, so the issue has been waived. |
| The Court: | So we're focused on forfeiture.  We're not focused on restitution.  Does that make a difference? |
| [Harrell]: | There are just some concerns I have, Judge.  I was waiting to address it with the Court here today which is why I didn't file a response; I thought we were going to address it today.  But can I file a supplement to the Court when we're done here today? |
| The Court: | Well, there's a motion pending, you're right, that the time has passed, but I'll allow you to respond to it and then we'll deal with that subsequent to this hearing. |
| [Harrell]: | Thank you. |

RE 88, Sent'g Tr., PageID 2402-03 (citation modified).

The district court also stated that it would "defer th[e] issue" of "restitution" until after sentencing, and "the way restitution will be handled ultimately is with an amended judgment."

*Id.* at PageID 2398, 2406 (citation modified). The government observed that "the Court is deferring most of the[] financial issues," and Harrell confirmed that he had no objection to the government's characterization. *Id.* at PageID 2403-04. Summing everything up, the district court stated that it would "address . . . the financial portion" of Harrell's sentence later, "as all one package." *Id.* at PageID 2404.

The next day, on December 10, Harrell filed a two-page response in opposition to the government's motion for forfeiture. He argued that forfeiture was "duplicative" of restitution and therefore "unnecessary." RE 62, Resp., PageID 1019-20. On December 12, the district court ordered the government to "[r]espond to Mr. Harrell's [forfeiture] objection" within fourteen days, which the government did. RE 66, Order, PageID 1026.

C.

Next came a series of judgment-related anomalies. On December 17, the district court entered its initial written judgment. The judgment reflected the district court's oral sentence but failed to mention forfeiture at all. Two days later, the government submitted its first motion to amend the judgment "to refer to forfeiture as addressed during the sentencing hearing" or "include a reference to the deferred forfeiture determination." RE 69, Mot., PageID 1037-38.

Harrell filed a notice of appeal from the initial judgment. And in April 2025, we affirmed the district court's initial judgment but declined to rule on the forfeiture issue because it was not properly before us. *United States v. Harrell*, No. 24-6148, 2025 U.S. App. LEXIS 9735, at *7 (6th Cir. Apr. 23, 2025).

While Harrell's first appeal from the initial judgment was pending, the parties and the district court continued sorting out the forfeiture issue. On January 8, 2025, the district court granted the government's first motion to amend the judgment. In its order, the court stated it was amending the judgment "to reflect that a forfeiture determination was deferred at sentencing." RE 79, Order, PageID 1094. And, on January 28, the district court entered its first amended judgment. But the first amended judgment still did not mention forfeiture.

On February 6, the government filed a second motion to amend the judgment, again asking that the judgment "refer to forfeiture as addressed during the sentencing hearing." RE 92, Mot., PageID 2430. On February 10, the district court entered an order of forfeiture, stating that forfeiture in the amount of $108,454.88 "shall be made part of the sentence and included in the judgment." RE 93, Order, PageID 2435 (citation modified).

But the order of forfeiture did not come with an amended judgment formally imposing forfeiture. So, on March 13, the government filed a third motion to amend the judgment "to include the forfeiture money judgment as imposed by the Order of Forfeiture." RE 107, Mot., PageID 2472. The government explained that "the Order of Forfeiture states that [the forfeiture award] shall be made part of the sentence[] and included in the judgment, but the Amended Judgment has not been further amended to reflect this," and "[Federal] Rule [of Criminal Procedure] 32.2(b)(4)(B) requires the Court to include the forfeiture order . . . in the judgment." *Id.* (citation modified). In Harrell's response, he argued that no rule authorized the district court, at that stage, to amend the judgment to include forfeiture.

On May 28, approximately one month after we resolved Harrell's first appeal and over five months after Harrell's sentencing hearing, the district court granted the government's third motion to amend the judgment to include forfeiture. The district court acknowledged that "although the Court entered a Forfeiture Order, the Amended Judgment does not reflect that forfeiture was entered." RE 115, Order, PageID 2506. The district court ruled that under Federal Rule of Criminal Procedure 36, it could amend the judgment to include forfeiture "to correct the clerical error." *Id.* And, on June 10, the district court issued a second amended judgment, which finally imposed forfeiture in the amount of $108,454.88. Harrell timely appealed.

D.

Harrell asks us to vacate his forfeiture sentence. First, he argues that the district court's handling of forfeiture violated Federal Rule of Criminal Procedure 32.2. Second, he argues that the district court's second amended judgment violated his right to presence under both the Due

Process Clause and Federal Rule of Criminal Procedure 43(a) and impermissibly conflicted with the district court's oral sentence.

The government argues that Harrell invited any error. In the alternative, the government argues that the district court did not violate Rule 32.2, and, even if it did, any violation was harmless. Finally, the government argues that the district court neither violated Harrell's right to presence nor inappropriately amended the oral sentence.

## II.

We hold that vacatur of Harrell's forfeiture sentence is unnecessary. First, invited error does not apply because the district court itself caused the error. Second, even though the district court violated Rule 32.2(b)(4)(B), that rule is a time-related directive subject to harmless-error review, and the error was harmless here. Third, the district court did not violate Harrell's right to presence under the Due Process Clause, and while the district court violated Harrell's right to presence under Rule 43(a), that error did not affect Harrell's substantial rights under plain-error review. Finally, the oral sentence did not conflict with the written judgment. Accordingly, we affirm.

## A.

The government argues that Harrell invited any errors that occurred. We disagree, because the district court, not Harrell, was the overwhelming cause of the alleged series of errors. "The general contours of the invited error doctrine are well known: 'Having induced the court to rely on a particular erroneous proposition of law or fact, a party in the normal case may not at a later stage of the case use the error to set aside the immediate consequences of the error.'" *United States v. Thompson*, 509 F. App'x 449, 451 (6th Cir. 2012) (quoting *Ford v. County of Grand Traverse*, 535 F.3d 483, 490-91 (6th Cir. 2008) (en banc)). But invited error requires the litigant to do "more than passively stand by as the district court erred." *United States v. Montgomery*, 998 F.3d 693, 699 (6th Cir. 2021). Thus, we do not apply the invited-error doctrine when "the record shows that the district court proposed" the error and the complaining party merely "agreed" to the error. *Wayne Cnty. Hosp., Inc. v. Jakobson*, 567 F. App'x 314, 322 (6th Cir. 2014).

Here, it appears that the district court "proposed," *id.*, the initial deferral of forfeiture by suggesting to both parties at the end of the sentencing hearing that "given the late hour," the court may "not . . . address [forfeiture] today," RE 88, Sent'g Tr., PageID 2402-03.  Harrell's subsequent request to submit supplemental briefing can be viewed as Harrell merely "agree[ing]" with the court's proposal, *Jakobson*, 567 F. App'x at 322, especially considering Harrell's prior and repeated statements that he was prepared to discuss forfeiture at the hearing.  Moreover, the district court's later failure to mention forfeiture in its first two written judgments appears to be of the court's own accord and not "induc[ed]" by either party.  *United States v. Barrow*, 118 F.3d 482, 490 (6th Cir. 1997).  Accordingly, the invited-error doctrine does not apply.

B.

Next, we consider whether the district court violated Rule 32.2(b)(4)(B) and, if so, what to do about it.  "We review de novo a district court's application of the Federal Rules of Criminal Procedure."  *United States v. Davidson*, 409 F.3d 304, 310 (6th Cir. 2005).  Here, the district court's post-sentencing imposition of forfeiture, although erroneous, does not warrant vacatur.  Rule 32.2(b)(4)(B) is a time-related directive subject to harmless-error review, and the error was harmless to Harrell.

1.

A district court does not possess "inherent power to modify" a final sentence, *United States v. Ross*, 245 F.3d 577, 586 (6th Cir. 2001), and "forfeiture is a part of the [defendant's] sentence," *Libretti v. United States*, 516 U.S. 29, 36-37 (1995) (citation modified).  Rather, a district court may "change or modify [a] sentence" or written judgment only where that "authority is expressly granted by statute" or rule.  *United States v. Hammond*, 712 F.3d 333, 335 (6th Cir. 2013) (per curiam); *accord United States v. Shaw*, 139 F.4th 548, 552 & n.1 (6th Cir. 2025).

Rule 32.2 governs "Criminal Forfeiture."  Rule 32.2(b)(4)(B) contains two requirements: (1) a district court "must include the forfeiture when orally announcing the sentence or must otherwise ensure that the defendant knows of the forfeiture at sentencing," and (2) a district court "must also include the forfeiture order, directly or by reference, in the judgment, but the court's

failure to do so may be corrected at any time under Rule 36." Fed. R. Crim. P. 32.2(b)(4)(B). Rule 36, which governs "Clerical Error[s]," states: "the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." Fed. R. Crim. P. 36 (citation modified).

Employing standard tools of statutory interpretation and focusing on the plain meaning of Rule 32.2(b)(4)(B), we find that the district court violated both provisions of the rule. *See United States v. Soto*, 794 F.3d 635, 652 (6th Cir. 2015).

a.

First, the district court violated Rule 32.2(b)(4)(B) by failing to affirmatively *impose* forfeiture at the point of sentencing. It is not enough to notify the defendant merely of the *possibility* of forfeiture, as the government suggests. *See United States v. Carman*, 933 F.3d 614, 616 (6th Cir. 2019) (explaining that the district court violated Rule 32.2 when it "made no mention of forfeiture during [the defendant's] sentencing" and "[i]nstead . . . entered a forfeiture order more than four months later"). Indeed, "the forfeiture" that Rule 32.2(b)(4)(B) requires a court to "include . . . when orally announcing the sentence" most naturally refers to the actual decision to impose forfeiture, not simply the possibility of a forfeiture sentence. Fed. R. Crim. P. 32.2(b)(4)(B). "Forfeiture," without any modifiers, means "[t]he divestiture of property without compensation." *Forfeiture*, Black's Law Dictionary (12th ed. 2024). So, substituting in that definition, Rule 32.2(b)(4)(B) requires the sentencing court to "include the [divestiture of property] when orally announcing the sentence." Fed. R. Crim. P. 32(b)(4)(B). If Rule 32.2(b)(4)(B) meant, instead, to require the court to include merely the *possibility* of such divestiture, presumably the rule would contain words modifying "forfeiture," like we see in other areas of Rule 32.2. *See, e.g.*, Fed. R. Crim. P. 32.2(b)(2), (3) (referring to "a *preliminary* order of forfeiture" (emphasis added)); *see also BFP v. Resol. Tr. Corp.*, 511 U.S. 531, 537 (1994) ("It is generally presumed that Congress acts intentionally . . . when it includes particular language in one section of a statute but omits it in another." (citation modified)).

The structure and context of Rule 32.2(b)(4)(B) support this reading. For example, the title of Rule 32.2(b)(4) is "Sentence and Judgment." Fed. R. Crim. P. 32.2(b)(4). And both

"sentence" and "judgment" refer to terminal decisions. *See, e.g.*, *Judgment*, Black's Law Dictionary (12th ed. 2024) ("A court or other tribunal's final determination of the rights and obligations of the parties in a case."). Additionally, Rule 32.2(a), titled "Notice to the Defendant," already requires general "notice" of the possibility of forfeiture via the indictment. Fed. R. Crim. P. 32.2(a). It would contravene logic and the presumption against surplusage to find that Rule 32.2(b)(4)(B) requires only notice of the possibility of forfeiture when such notice is already required by Rule 32.2(a). *See Bd. of Trs. of Leland Stanford Junior Univ. v. Roche Molecular Sys., Inc.*, 563 U.S. 776, 788 (2011).

Accordingly, the district court violated Rule 32.2(b)(4)(B) by failing to impose forfeiture by the time of sentencing.

b.

The district court also violated Rule 32.2(b)(4)(B) by failing to include forfeiture in its initial or first amended judgments. Rule 32.2(b)(4)(B) provides that a district court must "include the forfeiture order, directly or by reference, in the judgment." Fed. R. Crim. P. 32.2(b)(4)(B). The overarching logic of Rule 32.2 is that a district court will issue a preliminary order of forfeiture prior to sentencing, *see* Rule 32.2(b)(1), (2), and a version of that preliminary order will then be incorporated into the final judgment and sentence as the final forfeiture order, *see* Rule 32.2(b)(4); *see also United States v. Maddux*, 37 F.4th 1170, 1178 (6th Cir. 2022) ("[Rule 32.2 is an] A-to-Z roadmap for criminal forfeiture [and] requires that certain procedural steps be taken at certain specified times." (citation modified)), *abrogated on other grounds by McIntosh v. United States*, 601 U.S. 330, 336-38 & n. 3 (2024). If a district court fails to include the preliminary forfeiture order in the judgment, Rule 32.2(b)(4)(B) allows the court to correct this mistake "at any time under Rule 36."

Importantly, Rule 36 corrections are limited to "clerical error[s]." Fed. R. Crim. P. 36. Clerical errors are "the sort that a clerk might commit," like "a typo in the defendant's name" or a correction to the written years of punishment to "match" the years "announced at sentencing." *United States v. Karasarides*, 159 F.4th 972, 1001 (6th Cir. 2025) (citation modified), *cert. denied sub nom.*, *DiPietro v. United States*, No. 25-6824, 2026 WL 795153 (U.S. Mar. 23,

2026).  So, where a district court issues a preliminary forfeiture order or otherwise imposes forfeiture by the point of sentencing, but fails to include forfeiture in the judgment afterwards, Rule 36 may allow the court to correct the judgment to include forfeiture.

Here, though, the district court neither issued a preliminary forfeiture order nor imposed forfeiture by the time of sentencing.  The imposition of forfeiture post-sentencing amounts to adding a "substantive requirement[]" or an "unexpressed intention[]" to the terms of a defendant's sentence, which Rule 36 does not allow.  *Id.*; *see also United States v. Ferrario-Pozzi*, 368 F.3d 5, 8 (1st Cir. 2004).  Thus, the district court violated Rule 32.2(b)(4)(B) by failing to include forfeiture in its initial and first amended judgments.[1]

2.

Next, we must determine "the consequences" of the district court's Rule 32.2(b)(4)(B) violation because the rule itself "does not specify them."  *Dolan v. United States*, 560 U.S. 605, 610 (2010).  We determine this de novo.  *See Karasarides*, 159 F.4th at 997, 1001 (de novo review of "the district court's power to amend the judgment"); *United States v. Hampton*, 732 F.3d 687, 690 (6th Cir. 2013) (de novo review of interpretations of "federal forfeiture laws").  And because we find that Rule 32.2(b)(4)(B) is a time-related directive, the district court's error is subject to harmless-error review.  *McIntosh*, 601 U.S. at 338.

a.

Within federal litigation, there are "three types of time limits: (1) jurisdictional deadlines; (2) mandatory claim-processing rules; and (3) time-related directives."  *Id.* at 337.  Each type of time limit serves a different purpose.  For example, claim-processing rules ensure "claim[s] [are] made when [they are] best fit for adjudication," *Maddux*, 37 F.4th at 1176, and "promote the orderly progress of litigation by requiring that the parties take certain procedural steps at certain specified times," *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 435 (2011), while time-related directives "seek speed" in litigation by "spur[ring]" judicial action, *McIntosh*, 601

---

[1]The government's argument that forfeiture was mandatory in this case does not absolve the district court's error.  The government may be correct that forfeiture is mandatory for a § 641 conviction as a "specified unlawful activity" pursuant to 18 U.S.C. §§ 981(a)(1)(C) and 1956(c)(7)(D).  But the requirements of Rule 32.2(b)(4)(B) do not differ based on the mandatory-versus-discretionary nature of a forfeiture sentence.

U.S. at 337, 340 (citation modified).    Flowing from these different purposes, a time limit violation receives scrutiny based on what category it falls under.    Claim-processing rules are mandatory if invoked and "presumed . . . prejudicial" if violated.    *Id.* at 338.    Time-related directives, in contrast, are the most "flexible" of the time-limit rules, *id.*, do "not strictly bind courts," *Maddux*, 37 F.4th at 1176, and receive only "harmless-error" review if violated, *McIntosh*, 601 U.S. at 338.

So where does Rule 32.2(b)(4)(B) fit within this time-limit framework?  No one argues here that Rule 32.2(b)(4)(B) is jurisdictional.   And in *Maddux*, we held that Rule 32.2 was a claim-processing rule, so any violation was presumed prejudicial.   37 F.4th at 1176.   But in *McIntosh*, the Supreme Court abrogated *Maddux*'s holding with regard to Rule 32.2(b)*(2)(B)*— the subsection of Rule 32.2 that requires district courts to enter a preliminary order of forfeiture in advance of sentencing.   601 U.S. at 344.   *McIntosh* held that Rule 32.2(b)(2)(B) was a time-related directive but declined to address whether Rule 32.2(b)*(4)(B)*—the provision at issue here—was a claim-processing rule or a time-related directive.   *Id.* at 336-38, 341 n.5.   This case raises that unanswered *McIntosh* question: is Rule 32.2(b)(4)(B) a claim-processing rule or a time-related directive?

b.

We hold that the Supreme Court's reasoning in *McIntosh* abrogates *Maddux*, and that, under the reasoning of *McIntosh*, Rule 32.2(b)(4)(B) is a time-related directive.  "Although it is generally true that one panel cannot overrule the binding precedent of a prior panel, that rule yields when the prior panel's reasoning has been undercut or abrogated by a decision of the Supreme Court." *United States v. White*, 920 F.3d 1109, 1113 (6th Cir. 2019).  The intervening "Supreme Court authority need not be exactly on point, so long as the legal reasoning is directly applicable to the issue at hand." *Id.*

Here, the Supreme Court's reasoning in *McIntosh* is "directly applicable to" and "undercut[s]" the *Maddux* panel's reasoning on Rule 32.2(b).  *Id.*  For example, we found in *Maddux* that the mandatory language of Rule 32.2(b)—particularly the repeated use of the word "must"—controlled, but *McIntosh* held that the context of Rule 32.2(b)(2)(B), which

"contemplates some flexibility," tempered this mandatory language.  *Compare Maddux*, 37 F.4th at 1176-77, *with McIntosh*, 601 U.S. at 341-43.  *Maddux* also failed to address which actor Rule 32.2(b)(4) governed, *see* 37 F.4th at 1176-79, whereas *McIntosh* explained that "Rule 32.2(b)(2)(B) is directed exclusively to the sentencing court," rather than the litigating parties, suggesting that the rule was a time-related directive, 601 U.S. at 343.

Similarly, *McIntosh* applied the purpose of Rule 32.2 differently than *Maddux* did.  We reasoned in *Maddux* that there was "little practical downside to deeming Rule 32.2(b) a claims-processing rule," considering its due-process, finality, and efficiency aims.  37 F.4th at 1178.  In contrast, *McIntosh* clarified that "reading [Rule 32.2(b)(2)(B)] as a time-related directive would [not] frustrate" its "effectiveness," and opined that perhaps "judicial economy is better served by [doing so]."  601 U.S. at 344 (citation modified).  Moreover, *McIntosh* narrowed the analytical scope of the inquiry.  While *Maddux* seemed to categorize the entirety of Rule 32.2 collectively, 37 F.4th at 1176, *McIntosh* approached Rule 32.2 subsection-by-subsection, 601 U.S. at 341 n.5, suggesting that *Maddux* erred by categorizing too much of Rule 32.2 at once.

In sum, we cannot reconcile our reasoning in *Maddux* with the Supreme Court's reasoning in *McIntosh*.  Although we should "not anticipate future decisions" of the Supreme Court, *United States v. Carnes*, 309 F.3d 950, 956 (6th Cir. 2002), the Court's decision in *McIntosh* abrogates *Maddux*, so *Maddux* is no longer binding as to Rule 32.2(b)(4)(B).  *Cf. United States v. Cammarata*, 145 F.4th 345, 382 n.38 (3d Cir. 2025) ("*McIntosh*'s reasoning [as to Rule 32.2(b)(2)(B)] compels the same conclusion here with respect to Rule 32.2(b)(5)(A).").  We therefore analyze Rule 32.2(b)(4)(B)'s time limit as a matter of first impression.

c.

To determine the category of a time limit, we "look[] to statutory language, to the relevant context, and to what they reveal about the purposes that [the] time limit is designed to serve."  *Dolan*, 560 U.S. at 610.  Here, the plain language, context, and purpose of Rule 32.2(b)(4)(B) all indicate that the rule is a time-related directive subject to harmless-error review.

First, and to reiterate, "the plain language" of Rule 32.2(b)(4)(B) "contemplates flexibility regarding" compliance, suggesting it is a time-related directive.  *McIntosh*, 601 U.S. at

340-41 (citing *Eberhart v. United States*, 546 U.S. 12, 13 (2005) (per curiam)).  Although Rule 32.2(b)(4)(B) states that "[t]he court must include the forfeiture" in the sentence, it also provides a more flexible alternative: courts may still comply by "otherwise ensur[ing] that the defendant knows of the forfeiture at sentencing."  Fed. R. Crim. P. 32.2(b)(4)(B).  The rule also permits flexibility by providing that "the court's failure" to "include the forfeiture order" in the judgment "may be corrected at any time under Rule 36."  *Id.*  Accordingly, Rule 32.2(b)(4)(B) "anticipates that, in some circumstances," courts may not be able to perfectly comply with its timeliness obligations, carrying it "further away from the category of rigid and inflexible claim-processing rules."  *McIntosh*, 601 U.S. at 340-41 (citation modified).

Second, as Harrell concedes, Rule 32.2(b)(4)(B) "governs the conduct of the district court, not the litigants," which further suggests that it is a time-related directive.  *Id.* at 341 (citation modified).  To this point, Rule 32.2(b)(4)(B) requires the *court* to include forfeiture at sentencing and in the judgment; it does not require anything of the parties.  Fed. R. Crim. P. 32.2(b)(4)(B).

Third, treating Rule 32.2(b)(4)(B) as a time-related directive is consistent with the rule's purpose.  *McIntosh* explained that Rule 32.2 serves at least two purposes: to "ensur[e] criminal defendants receive due process before their property is permanently taken" and to "promot[e] judicial economy."  601 U.S. at 344 (citation modified).  *McIntosh* held that these purposes pointed in favor of Rule 32.2(b)(2)(B) being a time-related directive because "judicial economy [was] better served by allowing courts some flexibility to ensure the accuracy and completeness of the final forfeiture order."  *Id.*  Similarly, here, while Harrell may be correct that Rule 32.2(b)(4)(B) protects "finality principles," CA6 R. 20, Appellant Br., at 22, "the finality rule is not so inflexible that it trumps each and every competing consideration," *United States v. Denedo*, 556 U.S. 904, 916 (2009).  Ultimately, Harrell fails to explain how "reading [Rule 32.2(b)(4)(B)] as a time-related directive would frustrate significantly [its] effectiveness," because any violations would still be subject to harmless-error scrutiny.  *McIntosh*, 601 U.S. at 344.

Fourth, other circuits have persuasively held that Rule 32.2 and its subsections are time-related directives.  For instance, the Eleventh Circuit "held that the harmless-error analysis

applies if a district court violates Rule 32.2." *United States v. Mincey*, 800 F. App'x 714, 728 (11th Cir. 2020) (citing *United States v. Farias*, 836 F.3d 1315, 1329-30 (11th Cir. 2016)). The Third Circuit recognized that a violation of Rule 32.2(b)(5)(A) was a "procedural error . . . subject to harmless error review." *Cammarata*, 145 F.4th at 382. The Fourth Circuit found that Rule 32.2(b)(3) "is most persuasively understood as a time-related directive." *United States v. Martin*, 662 F.3d 301, 309 (4th Cir. 2011). And, even prior to the Supreme Court's ruling in *McIntosh*, the Second Circuit held that Rule 32.2(b)(2)(B) was a time-related directive. *United States v. McIntosh*, 58 F.4th 606, 611 (2d Cir. 2023), *aff'd*, 601 U.S. 330 (2024). Most recently, the First Circuit also suggested that several Rule 32.2(b) subsections were time-related directives. *United States v. Ponzo*, 171 F.4th 507, 519 (1st Cir. 2026) (The defendant did not "get to oppose the government's post-sentencing hearing forfeiture motion until after the forfeiture order entered," but "we excuse any error as harmless."). On the other side of the ledger—maybe—is the Seventh Circuit, which suggested in *United States v. Lee* that Rule 32.2(b)(4)(B) "has the character of a claims-processing rule." 77 F.4th 565, 582-83 (7th Cir. 2023). But *Lee* was decided pre-*McIntosh* and stands alone in its suggestion.

For all these reasons, Rule 32.2(b)(4)(B)'s time limit is a time-related directive subject to harmless-error review. Harrell's rebuttal arguments are unavailing. He argues that "Rule 32.2(b)(4)(B) specifies a clearer consequence for non-compliance than [Rule 32.2](b)(2)(B)" by requiring parties to appeal an error, which suggests it is a claim-processing rule. CA6 R. 20, Appellant Br., at 21. But Harrell overstates this point. Rule 32.2(b)(4)(B) does not explicitly state that appeal is the sole remedy for a violation. *See* Fed. R. Crim. P. 32.2(b)(4)(B). Although Rule 32.2(b)(4)(C), "Time to Appeal," specifies that "[t]he time for the defendant or the government to file an appeal from the forfeiture order, or from the court's failure to enter an order, begins to run when judgment is entered," it does not say a party *must* appeal as the only consequence. Fed. R. Crim. P. 32.2(b)(4)(C). Even *Maddux*, which suggested that Rule 32.2(b) "all but requires the government to appeal when [a violation occurs,]" also recognized that "Rule 32.2(b)'s text . . . stops short of expressly specifying a consequence for missing its deadlines." 37 F.4th at 1177; *see also McIntosh*, 601 U.S. at 341 (noting that "in the absence of" a specified consequence, "courts will not in the ordinary course impose their own coercive sanction for noncompliance with a timing directive" (citation modified)).

Harrell's constitutional-avoidance argument also misses the mark. Harrell suggests that categorizing Rule 32.2(b)(4)(B) as a time-related directive would "allow[] district courts to impose forfeiture without orally announcing it in the defendant's presence." CA6 R. 20, Appellant Br., at 22. But Harrell's argument misunderstands harmless-error jurisprudence. Categorizing Rule 32.2(b)(4)(B) as a time-related directive would not allow sentencing courts to violate the rule at will. It would simply apply a less stringent standard of review (harmless-error) to that violation on appeal. And "procedural errors at sentencing," even constitutional ones, "are routinely subject to harmlessness review." *Puckett v. United States*, 556 U.S. 129, 141 (2009).

3.

Harrell's claim fails harmless-error review. Under Rule 52(a) harmless-error principles, "[a]ny error, defect, irregularity, or variance that does not affect substantial rights must be disregarded." *United States v. Sherrill*, 972 F.3d 752, 770 (6th Cir. 2020) (quoting Fed. R. Crim. P. 52(a)). "An error at sentencing" is harmless if "we are certain that" the "error did not affect the district court's selection of the sentence imposed" or "cause the defendant to receive a more severe sentence," and "that the same sentence would be imposed on remand." *United States v. Ziesel*, 38 F.4th 512, 515-16, 519 (6th Cir. 2022) (citation modified). And, although "*McIntosh* is silent" as to which party bears the burden of proof for a Rule 32.2 time-related directive violation, *United States v. Harder*, No. 23-3301, 2025 WL 1733403, at *2 (9th Cir. June 23, 2025), we need not decide that question here. The district court's error was harmless under even "the most stringent standard for harmless-error review." *United States v. Hendrickson*, 822 F.3d 812, 824 (6th Cir. 2016).

The Eleventh Circuit held that a Rule 32.2 time-related directive violation "was harmless where (1) the defendant had fair notice that the government would seek forfeiture and in what amount and (2) the defendant had the full opportunity to contest the forfeiture." *Mincey*, 800 F. App'x at 728 (citing *Farias*, 836 F.3d at 1330). Under this sensible framework for analyzing a Rule 32.2 error, the error here was harmless. Harrell had plenty of notice that the government sought forfeiture in the amount of $108,454.88. After all, the government included forfeiture in its indictment, moved for a preliminary order of forfeiture nearly a month prior to sentencing, requested $108,454.88 in forfeiture in its sentencing memorandum, and requested forfeiture

orally at the sentencing hearing. Harrell also had a full and fair opportunity to contest the government's forfeiture request. Prior to sentencing, Harrell could have responded to the government's motion for a preliminary order of forfeiture or addressed forfeiture in his sentencing memorandum. He did neither. And, despite Harrell's failure to timely object to forfeiture, the district court allowed Harrell to oppose forfeiture at sentencing and submit supplemental post-sentencing briefing on the issue. Thus, the district court's failure to impose forfeiture at sentencing or include forfeiture in the judgment was harmless.

Furthermore, Harrell never raised any meaningful substantive arguments against forfeiture, despite ample opportunity to do so. Prior to sentencing, Harrell failed to contest the government's preliminary forfeiture motion. And at sentencing, Harrell lodged only a generic objection, stating: "I believe we do object [to forfeiture.]" RE 88, Sent'g Tr., PageID 2402. In his two-paragraph post-sentencing brief, Harrell raised only a conclusory argument that forfeiture was "duplicative and unnecessary" because restitution had already been awarded. RE 62, Resp., PageID 1019-20. But this bare allegation, without more, was legally incorrect. *See, e.g.*, *Wagner v. United States*, 805 F. App'x 354, 365 (6th Cir. 2020) ("[R]estitution and forfeiture are distinct remedies, and a district court may order both when appropriate."). Harrell even failed to contest the specific forfeiture amount requested by the government. Overall, Harrell gave the district court no meaningful reason to deny the government's $108,454.88 forfeiture request.

Harrell suggests that the district court's deferral of the forfeiture decision caused him to receive a different sentence than he would have otherwise, because it prevented the district court from "consider[ing] forfeiture in the context of [Harrell's] entire sentence." CA6 R. 30, Reply Br., at 20 (citing *United States v. Williams*, 641 F.3d 758, 765 (6th Cir. 2011)). But Harrell's point cuts the other way. The district court's deferral of forfeiture provided the district court a *better* opportunity to consider forfeiture in the context of Harrell's entire sentence. This is because the district court deferred not only the forfeiture decision, but also the restitution award. So the district court's deferral of the forfeiture decision enabled the court to consider the financial aspects of Harrell's sentence holistically.

In a sense, because of the district court's error, Harrell received more bites at the apple than he was likely entitled to. Regardless, although the district court erred by imposing forfeiture post-sentencing via a second amended judgment, the error was harmless to Harrell.

C.

We next consider the district court's post-sentencing written imposition of forfeiture. This procedure did not violate Harrell's right to presence under the Due Process Clause, and, although it violated Harrell's right to presence under Rule 43(a), it did not affect Harrell's substantial rights under plain-error review. Additionally, the written sentence did not impermissibly conflict with the oral sentence.

We review for plain error here because Harrell forfeited these arguments. Procedural claim forfeiture (different from substantive criminal forfeiture) "is the passive failure to make a timely assertion of a right," for example, "fail[ing] to object to a district court's ruling at trial." *Montgomery*, 998 F.3d at 698. "[I]n criminal cases," under Rule 52(b), we review forfeited claims "for plain error." *Id.*; *see also United States v. Reed*, 993 F.3d 441, 453 (6th Cir. 2021) (noting the "distinction between failing to properly raise a claim before the district court and failing to make an argument in support of that claim" (citation modified)). Plain-error review is a "demanding" standard and requires a defendant to prove that "(1) an error occurred; (2) that error was obvious; and (3) that error affected his substantial rights." *United States v. Akridge*, 62 F.4th 258, 264 (6th Cir. 2023) (citation modified). Even if all three of these elements are satisfied, we retain "discretionary power" to remediate the error, *United States v. Vincent*, 20 F.3d 229, 234 (6th Cir. 1994), if (4) "the error had a serious effect on the fairness, integrity or public reputation of judicial proceedings," *Akridge*, 62 F.4th at 264 (citation modified).

Here, Harrell had multiple opportunities to raise each of his arguments at the district court, but he failed to do so. First, the district court allowed Harrell to submit a post-sentencing brief opposing forfeiture, and Harrell failed to raise a right-to-presence argument in that brief. Second, and more to the point, Harrell failed to raise a right-to-presence argument in his response to the government's motion to amend the judgment after the court issued its post-sentencing order of forfeiture. Harrell also failed to raise his conflict-of-sentences argument

(or request a hearing) at this juncture, even though the court's post-sentencing order of forfeiture put Harrell on notice that the district court intended to impose forfeiture via written judgment. So, because Harrell had an opportunity to raise both his right-to-presence and conflict-of-sentences claims but failed to do so, we apply plain-error review. *See United States v. Robinson*, 133 F.4th 712, 717 (6th Cir. 2025) ("[I]f a party did have the ability to raise a claim of error after a court takes an action, Rule 51 requires the party to raise the objection to the 'action *that has already been taken*.'" (citation omitted)).

1.

The district court's decision to sentence Harrell to forfeiture outside Harrell's physical presence is not plain error under either the Due Process Clause or Rule 43(a).

a.

Sentencing Harrell to forfeiture outside his physical presence did not violate due process. A criminal defendant "has a Fifth Amendment Due Process right to be present at sentencing," *United States v. Blake*, 166 F.4th 611, 626 (6th Cir. 2026), and forfeiture is part of a defendant's sentence, *Libretti*, 516 U.S. at 36-37. So, assuming the defendant has not affirmatively waived his right to presence, imposing forfeiture via a written judgment without imposing forfeiture orally "is tantamount to sentencing the defendant *in absentia*." *United States v. Diggles*, 957 F.3d 551, 557 (5th Cir. 2020) (en banc) (citation modified); *see also United States v. Getachew*, 157 F.4th 883, 891 (6th Cir. 2025), *cert. denied*, No. 25-6701, 2026 WL 568292 (U.S. Mar. 2, 2026).

But a defendant's constitutional right to presence "is not absolute." *United States v. Pasley*, No. 23-5230, 2024 WL 2862562, at *2 (6th Cir. June 6, 2024), *cert. denied*, 145 S. Ct. 397 (2024). Instead, it is only "guaranteed insofar as the defendant's presence 'would contribute to the fairness of the procedure.'" *Id.* (quoting *Kentucky v. Stincer*, 482 U.S. 730, 745 (1987)). The Supreme Court has explained that "[t]he presence of a defendant [at a trial proceeding] is a condition of due process to the extent that a fair and just hearing would be thwarted by his absence, and to that extent only." *United States v. Gagnon*, 470 U.S. 522, 526 (1985) (per curiam) (citation modified). And "the fundamental requirement of due process is the opportunity

to be heard at a meaningful time and in a meaningful manner." *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976) (citation modified). So any "exclusion of a defendant from a trial proceeding should be considered in light of the whole record," including the defendant's opportunity to be meaningfully heard on the issue. *Gagnon*, 470 U.S. at 526-27.

Here, Harrell's due-process claim fails plain-error review because Harrell cannot show that the written imposition of forfeiture violated his right to due process, much less violated it "clear[ly]" or "obvious[ly]." *Robinson*, 133 F.4th at 717 (citation omitted). Considering the "whole record," *Gagnon*, 470 U.S. at 526-27, Harrell received fair notice of forfeiture and a full "opportunity to be heard" on the issue, *Mathews*, 424 U.S. at 333-34. The government sought forfeiture in its indictment, in its motion for a preliminary forfeiture order, and in its sentencing memorandum, providing Harrell with adequate notice of the possibility of forfeiture. Harrell was allowed to orally oppose forfeiture at sentencing, submit supplemental post-sentencing briefing, and file a post-order-of-forfeiture response objecting to the imposition of forfeiture. Moreover, Harrell even seemed to agree with the district court's decision to address forfeiture post-sentencing, and he never requested a hearing on the issue.

There is nothing in the record to suggest that Harrell "could have done anything" or would "have gained anything" if the court had sentenced Harrell to forfeiture in person. *United States v. Taylor*, 489 F. App'x 34, 44 (6th Cir. 2012) (quoting *Stincer*, 482 U.S. at 747). If forfeiture had not been mentioned at sentencing at all, this would be a different case. But here, Harrell cannot show that a due-process error occurred, much less a clear or obvious one.

b.

Next, we consider whether sentencing Harrell to forfeiture outside his physical presence violated Rule 43(a). It did, but Harrell cannot show an effect on his substantial rights.

Federal Rule of Criminal Procedure 43(a) "codifie[s]" a defendant's constitutional right to presence. *United States v. Hills*, 27 F.4th 1155, 1187 (6th Cir. 2022) (citation modified). Rule 43(a) states that "the defendant must be present at . . . every trial stage . . . [and] sentencing." Fed. R. Crim. P. 43(a). And, importantly, a defendant's right to presence under Rule 43(a) is generally considered to be "more far-reaching," *United States v. Brown*, 571 F.2d

980, 986 (6th Cir. 1978), and "broader than," *United States v. Gibbs*, 182 F.3d 408, 436 (6th Cir. 1999), the Fifth Amendment right to presence. This is because, while the Constitution protects presence only to the extent that "absence might frustrate the fairness of the proceedings," Rule 43(a) generally *requires* presence. *Brown*, 571 F.2d at 986 (citation omitted); *accord Williams*, 641 F.3d at 764.

So, here, the district court violated Rule 43(a) by sentencing Harrell to forfeiture outside his physical presence. But Harrell cannot show that this error, even if obvious, affected his substantial rights. An error affects a defendant's substantial rights when it has a "prejudicial effect on the outcome of [the] judicial proceeding." *United States v. Dominguez Benitez*, 542 U.S. 74, 81 (2004). "[A] sentencing error affects a defendant's substantial rights 'where it causes the defendant to receive a more severe sentence.'" *United States v. Owens*, No. 24-3675, 2025 WL 2306589, at *3 (6th Cir. Aug. 11, 2025) (quoting *United States v. Oliver*, 397 F.3d 369, 379 (6th Cir. 2005)).

Here, Harrell's physical absence when the district court imposed forfeiture had no impact on Harrell's forfeiture sentence because, as described above, Harrell had multiple other opportunities to meaningfully oppose the forfeiture sentence. *Cf. United States v. Burton*, 802 F. App'x 896, 905 (6th Cir. 2020) (finding that the defendant's physical absence when he received his verdict "by mail rather than in open court" did not affect the defendant's substantial rights because the defendant had other opportunities to object). In fact, the procedural error here aided Harrell by giving him more time to formulate forfeiture objections. Moreover, the procedural error in this case is unlike other sentencing errors that produce a substantively incorrect sentence. *See United States v. Buddi*, 168 F.4th 439, 452 (6th Cir. 2026) (explaining that "sentencing a defendant under [an] incorrect Guidelines [range]" is a substantive error that "often warrants relief"). The district court even suggested in its post-sentencing order of forfeiture that its findings at sentencing alone supported imposing forfeiture, suggesting that Harrell's physical absence did not impact the forfeiture sentence. *See United States v. Gates*, 48 F.4th 463, 470 (6th Cir. 2022) ("A sentencing error is harmless when the district court indicates it would have imposed the same sentence regardless of the procedural error.").

Harrell counters that "'there is no way to know' whether the district court would have fashioned a less severe sentence" if it had imposed forfeiture in person. CA6 R. 20, Appellant Br., at 32 (quoting *Williams*, 641 F.3d at 765). And Harrell is right that *Williams* found that "there is no way to know" "*with certainty*" what sentence the defendant would have received had he been present at sentencing, rather than sentenced via video conference. 641 F.3d at 765 (citation modified). But given all the other opportunities that Harrell received to meaningfully address the forfeiture issue, he cannot show that his physical absence at the imposition of forfeiture caused him "to receive a more severe sentence." *See id.* (citation modified).

Thus, Harrell's Rule 43(a) claim fails under plain-error review.

2.

Finally, there is no impermissible conflict here between the oral sentence and the second amended written judgment because, even if the district court was not authorized to defer forfeiture, the oral sentence and second amended judgment were harmonious. At most, the written judgment permissibly clarified the oral sentence.

"A sentencing court may impose one and only one sentence" on a criminal defendant. *Shaw*, 139 F.4th at 552 (citation modified). So, "when an oral sentence conflicts with the written sentence, the oral sentence controls." *United States v. Schultz*, 855 F.2d 1217, 1225 (6th Cir. 1988). This rule is related to a defendant's right-to-presence because "the reason for the primacy of the oral sentence lies in the fact that a defendant is present only when being sentenced from the bench." *United States v. Schock*, 862 F.3d 563, 570 (6th Cir. 2017) (citation modified). Thus, "the punishment announced from the bench in the defendant's presence *is* the sentence," and "the written judgment . . . is merely evidence of the sentence," so "the written judgment form is a nullity to the extent it conflicts with the oral sentence." *Shaw*, 139 F.4th at 552 (citation modified).

However, there are a few exceptions to this general rule of oral supremacy. For example, "where the oral sentence is ambiguous, the written judgment" can "help clarify [the] oral sentence by providing evidence of what was said from the bench." *Id.* at 553 (citation modified). Under the general rule of oral supremacy, "a defendant asserting a conflict between the [oral

sentence and written judgment] is not challenging the district court's sentence." *Id.* at 552 (citation modified). "Rather, he is making the more elementary contention that certain conditions in his written judgment were not part of his sentence at all" because they were "not orally pronounced." *Id.* (citation modified). So, the usual "remedy for such a discrepancy is a limited remand to correct the written judgment" to match the oral sentence or a remand for resentencing. *United States v. Alexander*, No. 21-2928, 2022 WL 2300240, at *3 (6th Cir. June 27, 2022) (citing *United States v. Bowens*, 938 F.3d 790, 801 (6th Cir. 2019)); *accord United States v. Hartman*, 426 F. App'x 395, 401 (6th Cir. 2011).

Here, there is no true conflict between the oral sentence and the second amended judgment. At sentencing, the district court explicitly held open the issue of forfeiture until after sentencing, stating that it would "deal with [forfeiture] subsequent to this hearing." RE 88, Sent'g Tr., PageID 2403. So, putting aside Harrell's separate claim that the decision to defer violated the federal rules, the second amended judgment comported with the oral sentence by in fact "deal[ing] with [forfeiture]." *Id.* There is no error where "the oral and written conditions both convey the same message." *United States v. Booker*, 994 F.3d 591, 601 (6th Cir. 2021) (citation modified); *see also United States v. Malcom*, 114 F.3d 1190, at *5 (6th Cir. 1997) (table) ("The court specifically indicated, and the parties agreed, that the issue of restitution would be reserved for a later hearing . . . [so] we will not allow that substance to be defeated by, literally, a form."). To hold that there was a conflict between the oral sentence (which deferred a decision) and the written judgment (which later made a decision) would contravene this court's precedent that "a district court may sometimes enter an initial judgment imposing certain aspects of a defendant's sentence while deferring a determination of the amount of restitution until entry of a later, amended judgment." *United States v. Campbell*, 135 F.4th 376, 398 (6th Cir. 2025), *cert. denied sub nom.*, *Dyer v. United States*, No. 25-6397, 2026 WL 490605 (U.S. Feb. 23, 2026) (citation modified); *see also Manrique v. United States*, 581 U.S. 116, 118 (2017); *Dolan*, 560 U.S. at 609, 617-21; *cf. Ferrario-Pozzi*, 368 F.3d at 10 ("Failing altogether to discuss forfeiture at the sentencing hearing is not the same . . . as purposefully postponing further elaboration on the topic so that the defendant may have more time . . . and subsequently including what is thus far agreed upon in the written judgment.").

Harrell has, of course, argued that the district court's decision to defer forfeiture was erroneous. But if the oral sentence and written judgments were consistent in the alleged error, then there is no additional, meritorious conflict-of-sentences claim. At most, the written judgment could be viewed as permissibly "clarif[ying] the district court's clear intention" to defer forfeiture until a later decision. *United States v. Gaynor*, 530 F. App'x 536, 542 (6th Cir. 2013). Although the district court should have noted in the initial and first amended judgments that it was holding open the issue of forfeiture, its failure to do so does not, without more, create a conflict. *Cf. United States v. Dando*, 287 F.3d 1007, 1010 (10th Cir. 2002) ("[T]he court should have clarified at sentencing and in the judgment order that it was holding the matter of restitution open. . . . [but the] transcript clearly indicates the court . . . considered the matter open.").

Thus, neither vacatur nor remand are necessary here.

III.

Although procedural errors and anomalies occurred here, none warrant vacatur of Harrell's forfeiture sentence. For the foregoing reasons, we affirm.